Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED

# UNITED STATES DISTRICT COURT

for the

MIDDLE District of The State of Florida

Civil Division

2021 OCT 19 AM 11: 49

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

REYNALDO RODRIGUEZ

*Plaintiff*

-v-

DANIEL'S MANUFACTURING CORPORATION

*Defendant(s)*

1. George Daniels
2. Eric FrankenHouser
3. Katrina Doerr
4. Robert Piazzo

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(yes)*  ☑ Yes  ☐

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**I.    The Parties to This Complaint**

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Reynaldo Rodriguez |
| Street Address | 7510 Stratford Boulevard |
| City and County | Orlando, Orange County |
| State and Zip Code | Florida 32807 |
| Telephone Number | 407-535-3506 |
| E-mail Address | rodriguezst77@yahoo.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is a an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | George Daniels |
| Job or Title *(if known)* | President/Owner. (Daniel's Manufacturing Corporation) |
| Street Address | 526 Thorpe Rd |
| City and County | Orlando, Orange County |
| State and Zip Code | Florida 32824 |
| Telephone Number | 407-855-6161 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Eric Frankenhouser |
| Job or Title *(if known)* | General Manager (Daniel's Manufacturing Corporation) |
| Street Address | 526 Thorpe Rd |
| City and County | Orlando, Orange County |
| State and Zip Code | Florida 32824 |
| Telephone Number | 407-855-6161 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Katrina Doerr |
| Job or Title *(if known)* | Human Resources Manager (Daniel's Manufacturing Corporation) |
| Street Address | 526 Thorpe Rd |
| City and County | Orlando, Orange County |
| State and Zip Code | Florida  32824 |
| Telephone Number | 407-855-6161 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Robert Piazzo |
| Job or Title *(if known)* | Deburring Supervisor (Daniel's Manufacturing Corporation) |
| Street Address | 526 Thorpe Rd |
| City and County | Orlando, Orange County |
| State and Zip Code | Florida 32824 |
| Telephone Number | 407-855-6161 |
| E-mail Address *(if known)* | |

C.  **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Daniel's Manufacturing Corporation |
| Street Address | 526 Thorpe Rd |
| City and County | Orlando, Orange County |
| State and Zip Code | Florida 32824 |
| Telephone Number | 407-855-6161 |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

_____

☐ Relevant state law *(specify, if known)*:

_____

☐ Relevant city or county law *(specify, if known)*:

_____

III.     **Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

1. The Plaintiff suffered due to the defendant's persistent  Harassment, Discrimination and ultimately Retaliation.  On 03/04/2020 the defendant retaliated  causing the permanent lost of the plaintiff's employment due the defendant's rights violations.  Respondent's/defendant's EEOC Position of Statement 511-2020-02354.   Defendant's 04/20/2017, 10/01/2019, 01/20/2020, 01/29/2020, 03/04/2020 documented evidences,  Plaintiff's Evidences available upon request.

2.  The plaintiff did report to the above defendant's #1, 2, 3 & 4 , the continued Harassment, Discrimination along with deburing department employees heightened complaints regarding issues  of environmental toxic dust presences.  Plaintiff's Evidences upon request and Respondent's /Defendant's EEOC 511-2020-02354 Position of Statement and  Whistle-blower Protection Program case # 4-2950-20-125; Federal investigator Covell's  ongoing  OSHA investigation. Also, Material Safety Data Sheet evidence at defendant's location. Plaintiff's complaints of toxic hazardous dust resulted ultimately employment work termination.

3. The defendant's # 1, 2, 3 & 4 responses is/was to continually ignored  plaintiff and employees repeated health complaints issues due to the visible presence of the toxic particles. The complaints resulted in discriminatory harassment and retaliatory harm to the plaintiff for many years.

4. Defendant's  retaliatory employment termination generated medical, emotional and economic harm to the plaintiff and fears among Daniel's Manufacturing Corporation employees. This did not happen to non Puerto Ricans.

5.  The defendant's # 1, 2, & 3, Purposely increased employees  and plaintiff's health anxiety by replacing cheaper, inefficient (leaking cylinder) clean air filtration system while eliminating the industrialized/Commercial safer clean air filtration system during year 2012 through 2013. As a result caused bodily organ harm to the plaintiff and possibly other cancer victims at defendant's property. Current  DOL-OSHA  WHISTLE-BLOWER  PROTECTION  PROGRAM  investigation  4-2950-20-125 Investigator Covell. Plaintiff's continued complaints resulted in retaliatory discrimination/harassment from defendant by eliminating  plaintiff employment.

6. The defendant's # 4: discriminatory commanded the plaintiff  on 01/20/2020 to a unusually cruel work environment, never undertaken at Daniel's Manufacturing Corporation 526 property; the only Puerto Rican plaintiff in the Deburring Department at the time of discriminatory and retaliatory harm. Evidence provided in Respondent's/Position 0f Statement EEOC511-2020-02354. Dr Bickerton's Release back to work note (evidence). Plaintiff's Evidences upon request.

7. The defendant's # 3 & 4. continued discriminatory and retaliatory absenteeism punishment against plaintiff relating to 01/20/2020 Doctors Bickerton's release back to work; which caused discriminatory and emotional harm to the plaintiff. Dr. Bickerton provided prescribed depression medications to the plaintiff.  See evidence for the plaintiff upon request and Respondent's/defendant's Position of Statement EEOC 511-2020-02354.

8. The defendant's # 1, 3 & # 4 discriminatorily succeeded in eliminating Saturday overtime towards the only Puerto Rican plaintiff at the time of this discriminatory harm. See Respondent/defendant's Position Statement EEOC 511-2020-02354 evidence and Plaintiff's Evidences upon request.

9. For years the defendant's # 1, 2, 3 & 4 knowingly subjected plaintiff to repeated Harassments and Discrimination when plaintiff was obligated to (within DMC's employees viewing and laughter) produced past call logs to justified company approved excused absences. This did not happened with any other employees.  Defendant's documents 04/20/2017, 10/01/2019, 01/20/2020, 01/27/2020 and 03/04/2020.

10. The defendant's # 1, 2, 3 & 4  took the initiatives to approved plaintiff unemployment compensation, then  some 7 months later self contradict continually our Federal EEOC, Whistle-blower Investigators and ( DEO ) by accusing plaintiff:  a)  deliberate refusal to work, B) intentionally exposing toxics dust particles to other employees, c)                     , d)                    , Defendant's/Respondent's Position of Statement EEOC # 511-2020-02354. Plaintiff Evidence upon request. This discriminatory defamation toward the plaintiff caused further  continued emotional harm to the plaintiff.

11.  The defendant did willingly submit to EEOC Federal Investigators, regarding 01/20/2020 Dr. Bickerton's release to work- incident, misleading related  occurrence(s), omissions,  with the intent to deceive our Federal investigators. Respondent's/defendant's EEOC'S Position of Statement 511-2020-02354. Plaintiff's evidence upon request. This act on behalf of the defendant continually caused harm towards the plaintiff and dishonoured our Federal investigators.


12.  The defendant  knowingly exchanged occurrences in dated DMC's company documents then deliberately submitted it to our Federal EEOC Investigators, with the intent to deceive.  DMC's documents evidence relating to: "Chips" vs "Dust  exchanged. Respondent's Position of Statement 511-2020-02354, Plaintiff's Evidences upon request and DMC's official 2015 "chips" and 2020 "dust" documents and relating evidence. This has resulted in continued discriminatory and retaliatory harm effects to  the plaintiff. Also disrespectful to our Federal investigators.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

_____

IV.   **Exhaustion of Federal Administrative Remedies**

    A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity investigator regarding the defendant's alleged discriminatory conduct

on *(date)* March 20, 2020.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☑ × Yes, Termination of my employment.

☐ Failure to promote me.

☐ Failure to accommodate my disability.

☑ × Yes, Unequal terms and conditions of my employment.

☑ × Yes, Retaliation.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

04/20/2017, 10/01/2019, 01/20/2020, 01/29/2020 and 03/04/2020. DMC's documented evidences.

C. I believe that defendant(s) *(check one)*:

☐ × Yes, is/are still committing these acts against me.
☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑ race _____
☐ color _____
☐ gender/sex _____
☐ religion _____
☑ national origin _____
☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
☐ disability or perceived disability *(specify disability)*

_____

E. The facts of my case are as follows. Attach additional pages if needed.

Page 11 of 15

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

March 20, 2020.

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ YES.   issued a Notice of Right to Sue letter, which I received on *(date)*   08/16/2021   .
*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)* yes ✓

C. Only litigants alleging age discrimination must answer this question. Yes. Proved ?

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

×✓ Yes.   60 days or more have elapsed.
☐        less than 60 days have elapsed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The plaintiff suffered emotional, economic and medically due to the defendant's willful civil rights violation by discriminatory harassing and then retaliated by extinguishing plaintiff employment.

The plaintiff Prays to This Honorable Court for damages of 500,000.00$ for all economical, emotional and medical damages along with punitive damages from the defendant for the many years of Intentional Civil rights violations.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10-19-2021

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10-19-2021

Signature of Plaintiff

Printed Name of Plaintiff    Reynaldo Rodriguez

B. **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address